STATE OF LOUISIANA

VERSUS

ERROL VICTOR, SR.

NO. 15-KA-339

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

June 19, 2020

Mary E. Legnon
Chief Deputy Clerk

## ON APPLICATION FOR REHEARING

Panel composed of Susan M. Chehardy,
Jude G. Gravois, and Marc E. Johnson

## GRANTED IN PART; DENIED IN PART

**JGG**
**SMC**
**MEJ**

STATE OF LOUISIANA                    NO. 15-KA-339

VERSUS                                FIFTH CIRCUIT

ERROL VICTOR, SR.                     COURT OF APPEAL

                                      STATE OF LOUISIANA

## ON APPLICATION FOR REHEARING
## BY THE STATE OF LOUISIANA

Considering the Application for Rehearing and Motion to Vacate

Remand Order for Lack of Jurisdiction, filed on May 21, 2020 by the State

of Louisiana, and the opposition thereto filed by defendant, Errol Victor, Sr.,

as supplemented, we address and render judgment on the individual issues

raised in the Application for Rehearing and Motion to Vacate Remand Order

as follows:

The first issue raised in the State's Application for Rehearing and

Motion to Vacate Remand Order for Lack of Jurisdiction is whether this

Court lacked—and continued to lack—jurisdiction over this matter until the

judgment and mandate were issued by the United States Supreme Court in

this case, pursuant to United States Supreme Court Rule 45, on May 29,

2020.[1] *See Victor v. Louisiana*, 19-5989, --- U.S. --- (2020), 2020 WL

---

[1] United States Supreme Court Rule 45 (U.S. Sup. Ct. Rule 45, 28 U.S.C.A.) provides as follows:

1.  All process of this Court issues in the name of the President of the United States.

2.  In a case on review from a state court, the mandate issues 25 days after entry of the judgment, unless the Court or a Justice shortens or extends the time, or unless the parties stipulate that it issue sooner. The filing of a petition for rehearing stays the mandate until disposition of the petition, unless the Court orders otherwise. If the petition is denied, the mandate issues forthwith.

3.  In a case on review from any court of the United States, as defined by 28 U.S.C. § 451, a formal mandate does not issue unless specially directed; instead, the Clerk of this Court will send the clerk of the lower court a copy of the opinion or order of this Court and a certified copy of the judgment. The certified copy of the judgment, prepared and signed by this Court's Clerk, will provide for costs if any are awarded. In all other respects, the provisions of paragraph 2 of this Rule apply.

1

1978934 (Mem.) (U.S. Apr. 27, 2020). On May 29, 2020, the United States Supreme Court formally issued its judgment and mandate in this case. Upon review, although this Court may have temporarily lacked jurisdiction under United States Supreme Court Rule 45 to act upon defendant's Motion to Remand, filed on May 1, 2020 and granted by this Court on May 14, 2020, until the United States Supreme Court formally issued its judgment and mandate in this case on May 29, 2020, we find that because the United States Supreme Court has now formally issued its judgment and mandate in this case, this issue is now moot. In any event, we hereby GRANT THIS APPLICATION FOR REHEARING IN PART AS TO THIS ISSUE and affirm and reissue our previous ruling of May 14, 2020 in full, except as hereinafter clarified and supplemented.

The second issue raised in the State's Application for Rehearing and Motion to Vacate Remand Order for Lack of Jurisdiction is whether in its ruling in this case, the United States Supreme Court vacated defendant's conviction, or whether it merely vacated the prior judgment of this Court and remanded the matter to this Court for consideration of whether, and to what extent, the Supreme Court's decision in *Ramos* v. *Louisiana*, No. 18-5924, 590 U.S. ---, 140 S.Ct. 1390, --- L.Ed.2d ---, (2020), 2020 WL 1906545, affects this matter. Our previous Order recognized that, in compliance with the Supreme Court's directive in *Ramos*, defendant is entitled to a new trial, but did not specifically vacate defendant's conviction and sentence. In a separate opinion issued this day on remand of this matter from the United States Supreme Court, for the reasons stated therein, we have found that in light of the Supreme Court's decision in *Ramos*, defendant is entitled to a new trial, and accordingly, we vacated defendant's conviction and sentence and remanded the matter to the trial court for further proceedings consistent

2

with said opinion. In order to clarify and supplement our previous Order, for the reasons stated in our previous Order and in our separate opinion issued this day on remand of this matter from the United States Supreme Court, we hereby GRANT THIS APPLICATION FOR REHEARING IN PART AS TO THIS ISSUE, and confirm that defendant's conviction and sentence have been vacated and that the matter has been remanded to the trial court for further proceedings.

The third issue raised in the State's Application for Rehearing and Motion to Vacate Remand Order for Lack of Jurisdiction is whether defendant's petition for certiorari to the United States Supreme Court was timely. The United States Supreme Court is the proper court to determine whether defendant's petition for certiorari to the United States Supreme Court was timely and whether its jurisdiction was properly invoked in this case. Accordingly, we hereby DENY THE APPLICATION FOR REHEARING IN PART AS TO THIS ISSUE.

The fourth and final issue raised in the State's Application for Rehearing and Motion to Vacate Remand Order for Lack of Jurisdiction is whether the issue of defendant's non-unanimous jury verdict has been properly raised in this Court. As we stated and found in our previous Order, although defendant did not specifically challenge the non-unanimous jury verdict by assignment of error in his appeal to this Court, the jury verdict is considered part of our errors patent review, and as part of our errors patent review in our separate opinion issued this day on remand of this matter from the United States Supreme Court, we have found defendant's non-unanimous jury verdict to be a patent error and consequently granted defendant relief in accordance with *Ramos*, as hereinabove stated.

Accordingly, we hereby <u>DENY THE APPLICATION FOR REHEARING IN PART AS TO THIS ISSUE</u>.

## <u>CONCLUSION</u>

For the foregoing reasons, the State's Application for Rehearing and Motion to Vacate Remand Order for Lack of Jurisdiction is granted in part and denied in part, and the matter is remanded to the trial court for further proceedings consistent with this Order and with our separate opinion issued this day on remand of this matter from the United States Supreme Court.

## <u>GRANTED IN PART; DENIED IN PART</u>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JUNE 19, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

## 15-KA-339

### E-NOTIFIED
40TH DISTRICT COURT (CLERK)
HONORABLE MARY H. BECNEL (DISTRICT JUDGE)
GRANT L. WILLIS (APPELLEE)            CHRISTOPHER N. WALTERS (APPELLEE)
CLAIBORNE W. BROWN (APPELLANT)

### MAILED
HONORABLE JEFFREY M. LANDRY
(APPELLEE)
ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 NORTH 3RD STREET
6TH FLOOR, LIVINGSTON BUILDING
BATON ROUGE, LA 70802

ERROL VICTOR, SR. #613100 (APPELLANT)
LOUISIANA STATE PENITENTIARY
ANGOLA, LA 70712

TERRI  R. LACY (APPELLEE)
HEATHER HOOD (APPELLEE)
ASSISTANT ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
POST OFFICE BOX 94005
BATON ROUGE, LA 70804

PAMELA S. MORAN (APPELLEE)
ATTORNEY AT LAW
POST OFFICE BOX 24484
NEW ORLEANS, LA 70184-4484

COLIN CLARK (APPELLEE)
UNITED STATES DEPT OF JUSTICE
RUSSELL B LONG FEDERAL COURTHOUSE
777 FLORIDA STREET
SUITE 208
BATON ROUGE, LA 70801